| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* CR 99-54 |
| --- | --- | --- |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* **05CR0151** |

**FILED FEB 1 0 2005 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEEE: Christopher Hill | DISTRICT NORTHERN DISTRICT OF IOWA | DIVISION Cedar Rapids |
| --- | --- | --- |
| | NAME OF SENTENCING JUDGE The Honorable Michael J. Melloy | |
| FEB 0 4 2005 | DATES OF PROBATION/ SUPERVISED RELEASE: | FROM 11/05/2004 | TO 11/04/2008 |

**OFFENSE**

21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B) - Possession of Crack Cocaine with the Intent to Distribute

I, the undersigned Clerk of the United States District Court for the Northern District of Iowa, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and seal of said Court this ___ day of _Feb_, 20_05_
Pridgen J. Watkins, Clerk
By: _____ Deputy

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE "<u>NORTHERN DISTRICT OF IOWA</u>"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_January 6, 2005_
Date

_[signature]_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE    NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JAN 1 3 2005
Date

_Charles P. Kocoras_
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

**05CR0154**

UNITED STATES OF AMERICA, )
        Plaintiff, ) NO. CR 99-54-MJM
    vs. )
        FEB 1 0 2005 )
CHRISTOPHER F. HILL, MICHAEL W. DOBBINS COUNT 1
    CLERK, U.S. DISTRICT COURT 21 U.S.C. § 841(a)(1)
        Defendant. )

**INDICTMENT**

The Grand Jury Charges:

**COUNT 1**

I, the undersigned Clerk of the United States District Court for the Northern District of Iowa, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and seal of said Court this 7 day of Feb, 2005
Pridgen J. Watkins, Clerk
By: ___

On or about January 27, 1999, in the Northern District of Iowa, CHRISTOPHER F. HILL did knowingly and intentionally possess with intent to distribute, approximately 16.3 grams of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a Schedule II Controlled Substance.

This in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

A TRUE BILL

_____
FOREMAN

July 13, 1999
Date

Presented by:

STEPHEN J. RAPP
United States Attorney

_____
STEPHANIE M. ROSE
Assistant United States Attorney

2-13-99

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __IOWA__

UNITED STATES OF AMERICA  
v.  
CHRISTOPHER F. HILL

**JUDGMENT IN A CRIMINAL CASE**  
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:99CR00054-001

David Nadler  
Defendant's Attorney

**FILED** FEB 1 0 2005 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**FILED** CEDAR RAPIDS HDQTRS OFFICE NORTHERN DISTRICT OF IOWA JAN 0 2 2001 By: ___ Deputy

**THE DEFENDANT:**

■ pleaded guilty to count(s) 1 of the 1-count 07/15/1999 Indictment

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B) | Possession of Crack Cocaine with the Intent to Distribute | 01/27/1999 | 1 |

I, the undersigned Clerk of the United States District Court for the Northern District of Iowa, do certify that the foregoing is a true copy of an original document remaining on file and record in my office. WITNESS my hand and seal of said Court this ___ day of Feb, 20 05. Pridgen J. Watkins, Clerk By: ___ Deputy

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

January 2, 2001  
Date of Imposition of Judgment

_/s/ signature_  
Signature of Judicial Officer

Michael J. Melloy, U.S. District Judge  
Name and Title of Judicial Officer

Jan. 2, 2001  
Date

Copies mailed on JAN 0 2 2001 to counsel of record or pro se parties as shown on the docket sheet. USM USP ___ Deputy Clerk

Defendant's Mailing Address:  
Same as above.

BK 20 Pg 34

DEFENDANT: Christopher F. Hill
CASE NUMBER: 1:99CR00054-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of 60 months.

■ The court makes the following recommendations to the Bureau of Prisons:
that defendant participate in the BOP 500 hour Residential Drug Treatment Program and that he be placed at either FCI Oxford or FCI Pekin. The court also recommends defendant's placement in the Intensive Confinement Program if and when eligible.

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | | Judgment—Page 3 of 8 |
|---|---|---|
| DEFENDANT: | Christopher F. Hill | |
| CASE NUMBER: | 1:99CR00054-001 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term   4 years

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       Christopher F. Hill
CASE NUMBER:     1:99CR00054-001

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall participate in a program of testing bodily fluids and functions and treatment for drug and alcohol abuse as directed by your probation officer, until such time as you are released from the program by your probation officer.

2. You are prohibited from the use of alcohol and are prohibited from frequenting bars, taverns or other establishments whose primary source of income is derived from the sale of alcohol.

DEFENDANT: Christopher F. Hill
CASE NUMBER: 1:99CR00054-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
|  |  |  |  |

**TOTALS** $ _____ $ _____

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine and/or    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Christopher F. Hill
CASE NUMBER: 1:99CR00054-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E below; or

B   ■   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ E below); or

C   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant Name, Case Number, and Joint and Several Amount:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

CLOSED

# U.S. District Court
## Northern District of Iowa (Cedar Rapids)
### CRIMINAL DOCKET FOR CASE #: 1:99-cr-00054-MJM-ALL
Internal Use Only

**05CR0151**

**FILED**
FEB 1 0 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case title: USA v. Hill

Date Filed: 07/13/1999

Assigned to: Judge Michael J Melloy

The above is a true copy.
ATTEST: Pridgen J. Watkins, Clerk
By: _____

### Defendant

**Christopher F Hill** (1)
*TERMINATED: 01/02/2001*

represented by **David Nadler**
Johnston & Nathanson, PLC
129 First Avenue, SW
PO Box 74210
**ECF
Cedar Rapids, IA 52404
319 366 1000
Fax: 366 6973
Email: dnadler@qwest.net
*TERMINATED: 01/02/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Philip A MacTaggart**
Federal Public Defender
101 West 2nd Street
Suite 401
**ECF
Davenport, IA 52801
563 322 8931
Fax: 383 0052
Email: phil_mactaggart@fd.org
*TERMINATED: 06/29/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

### Pending Counts

21:841(a)(1).F CONTROLLED
SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE

### Disposition

60 months imprisonment. 4 years supervised release. $100.00 assessment.

(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                              **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                     **Disposition**

None

**Plaintiff**

United States of America                           represented by **Stephanie Marie Rose**
                                                                  US Attorney's Office
                                                                  Northern District of Iowa
                                                                  PO Box 74950
                                                                  **ECF
                                                                  Cedar Rapids, IA 52407-4950
                                                                  319 363 0091
                                                                  Fax: 363 1990
                                                                  Email: stephanie.rose@usdoj.gov
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/13/1999 | 1 | INDICTMENT by USA Counts filed against Christopher F Hill (1) count(s) 1 frmemp (Entered: 07/14/1999) |
| 07/13/1999 | 2 | PRAECIPE FOR WARRANT to Marshal for svc as to Christopher F Hill frmemp (Entered: 07/14/1999) |
| 06/09/2000 | 3 | CLERK'S COURT MINUTES: as to defendant Christopher F Hill before Chief Mag Judge John A. Jarvey dft Christopher F Hill arraigned; not guilty plea entered; Attorney Philip A MacTaggart present; JURY TRIAL set for 8/1/00 at 9:00 a.m. w/Judge Melloy 3rd flr courtroom DGE (Entered: 06/12/2000) |
| 06/12/2000 | 4 | TRIAL SCHEDULING AND MANAGEMENT ORDER by Chief Mag Judge John A. Jarvey : Pretrial Motions ddl: 7/3/00 Pretrial Conference: |

| | | |
|---|---|---|
| 09/18/2000 | 17 | PROPOSED VOIR DIRE by defendant Christopher F Hill DGE (Entered: 09/19/2000) |
| 09/18/2000 | 18 | Motion for PreTrial Conference by Christopher F Hill assigned to Judge Michael J. Melloy DGE (Entered: 09/19/2000) |
| 09/18/2000 | 19 | PROPOSED JURY INSTRUCTIONS by defendant Christopher F Hill DGE (Entered: 09/19/2000) |
| 09/18/2000 | 20 | MOTION in limine (Hearing Requested) by defendant Christopher F Hill assigned to Judge Michael J. Melloy DGE (Entered: 09/19/2000) |
| 09/18/2000 | 21 | BRIEF IN SUPPORT of motion in limine (Hearing Requested) [20-1] by defendant Christopher F Hill DGE (Entered: 09/19/2000) |
| 10/04/2000 | 22 | NOTICE: PLEA HEARING set for 3:00 10/12/00 for Christopher F Hill w/Judge Melloy 3rd flr courtroom (cc: all counsel,USM,USP) DGE (Entered: 10/04/2000) |
| 10/12/2000 | 23 | CLERK'S COURT MINUTES: as to defendant Christopher F Hill before Judge Michael J. Melloy guilty plea entered by Christopher F Hill . PLEA HEARING held on 10/12/00 CONTRACT COURT REPORTER Loretta Wilford (cc:pc,mlb) DGE (Entered: 10/13/2000) |
| 10/13/2000 | 24 | ORDER ACCEPTING PLEA OF GUILTY by Judge Michael J. Melloy as to defendant Christopher F Hill SENTENCING HEARING set for 11:00 1/2/01 for Christopher F Hill w/Judge Melloy 3rd flr courtroom ; defendant shall remain in custody pending sentencing (cc: all counsel,USM,USP) DGE (Entered: 10/13/2000) |
| 01/02/2001 | 25 | CLERK'S COURT MINUTES: as to defendant Christopher F Hill before Judge Michael J. Melloy finding the motion in limine [20-1] moot, finding the motion for PreTrial Conference [18-1] moot SENTENCING held on 1/2/01 COURT REPORTER Kay Carr DGE (Entered: 01/02/2001) |
| 01/02/2001 | 26 | JUDGMENT as to Christopher F Hill sentencing Christopher F Hill (1) count(s) 1. 60 months imprisonment. 4 years supervised release. $100.00 assessment. , case terminated as to defendant Christopher F Hill by Judge Michael J. Melloy SSN: 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 JUDGMENT BOOK 20 ENTRY 34 (cc: all counsel,USM,USP) DGE (Entered: 01/02/2001) |
| 01/29/2001 | 27 | CJA Form 20 (Attorney Payment Voucher) as to Christopher F Hill for attorney David Nadler in the amount of $ 1914.19 VOUCHER#: 000630000013 DGE (Entered: 01/29/2001) |
| 02/08/2001 | 28 | SHORTHAND NOTES of OCR Kay Carr constituting official record of Sentencing on 1/2/01 as to defendant Christopher F Hill DGE (Entered: 02/08/2001) |
| 02/12/2001 | 29 | JUDGMENT w/Marshal's Return executed as to defendant Christopher F Hill (FCI, Oxford, WI) DGE (Entered: 02/12/2001) |
| 03/01/2001 | 30 | RECEIPT FOR EXHIBITS to plaintiff USA DGE (Entered: 03/02/2001) |

| 02/07/2005 | 31 | Probation Jurisdiction Transferred to Northern District of Illinois as to Defendant Christopher F Hill Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (to USP,Financial) (de) (Entered: 02/07/2005) |